# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,                                     CRIMINAL NO. 15-20009

vs.                                           HON. MARK A. GOLDSMITH

DARRELL N. EVANS, JR.,

    Defendant.
_____/

## ORDER GRANTING THE GOVERNMENT'S MOTION TO REVOKE BOND (Dkt. 41)

This matter is before the Court on the Government's motion to revoke Defendant Darrell N. Evans, Jr.'s bond (Dkt. 41) pending resolution of the allegations that Evans violated conditions of supervised release. The Court held a hearing on December 18, 2019. For the reasons that follow, that motion is granted.

### I. BACKGROUND

In 2015, Evans pleaded guilty to possession with intent to deliver 500 grams or more of cocaine. He was sentenced to five years in custody and four years of supervised release. He began his term of supervised release on August 19, 2019.

According to police reports, on October 19, 2019, Evans's girlfriend, Kiara Johnson, contacted the Sterling Heights Police Department and reported that earlier that day Evans had left a package of what she suspected to be narcotics in her apartment. Police officers entered Johnson's apartment with her permission and examined the package. Based on their inspection, the officers believed that the package contained a brick of heroin (later tests revealed that the package contained 980.1 grams of heroin). Johnson also told officers that Evans uses her truck and often keeps a pistol in the glovebox.

The following day, Johnson called the police department claiming that Evans was attempting to forcibly enter her apartment. Police arrived and took Evans into custody. Signs of attempts to forcibly enter Johnson's apartment—marks on the steel-clad, wood-core door and a damaged window screen—supported Johnson's claim. Police officers also found a handgun and a large sum of money in the truck Evans drove to Johnson's apartment.

## II. DISCUSSION

Because Evans is on supervised release, he has the burden to establish that he is not a danger to the community and should be released on bond. Fed. R. Crim. P. 32.1(a)(6) (citing 18 U.S.C. § 3143(a)(1)). Evans must make this showing by clear and convincing evidence. Id. As a general matter, drug trafficking presents a significant a danger to the community. See, e.g., United States v. Stone, 608 F.3d 939, 947 n.6 (6th Cir. 2010) (citing cases). Here, there are several strong indicators that Evans was involved in large-scale drug trafficking while on supervised release. These include Johnson's statements, Evans's attempt to physically enter her apartment, the heroin, the handgun, and the large sum of money found in the truck Evans drove to Johnson's apartment. Evans has not carried his burden to show, by clear and convincing evidence, that he is not a danger to the community.

Evans attempts to undermine Johnson's statements by submitting evidence that he could not have been at Johnson's apartment at 5:00 p.m. on October 19, 2019. But Johnson's statement gave 5:00 p.m. as an approximate, not firm, time. So Evans's counter-evidence that he was with his wife at a mall at that time does little to refute Johnson's statements, and it does nothing to undermine the physical evidence recovered by police officers.

Evans has not shown that there are conditions or a combination of conditions that would allow him to remain on bond during the pendency of these proceedings and protect the public from

his drug trafficking activities.

### III. CONCLUSION

The Government's motion to revoke bond (Dkt. 41) is granted. Evans's bond is revoked. He must surrender to the U.S. Marshal Service within seven days. Failing to do so will result in the issuance of a warrant for his arrest.

SO ORDERED.

Dated: January 14, 2020　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge