UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                           Case No. 15-20009
                                                                     Hon. Mark A. Goldsmith

DARRELL N. EVANS, JR.

        Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT DARRELL EVANS, JR.'S MOTION FOR**
**RECONSIDERATION OF ORDER OF DETENTION (Dkt. 46)**

This matter is before the Court on Defendant Darrell N. Evans, Jr.'s motion (Dkt. 46), dated January 14, 2021, for reconsideration of the Court's order (Dkt. 43), dated January 14, 2020, granting the Government's motion to revoke Evans's bond pending resolution of the allegations that Evans violated conditions of supervised release. For the reasons that follow, Evans's motion is denied.

Under the Local Rules, a motion for reconsideration must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled[,] but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).[1] Evans points to no "palpable defect" that caused the Court to be misled. Further, motions for reconsideration must be filed within 14 days of the order revoking bond. Id. 7.1(h)(1). To the extent that Evans's motion is—as it purports to be—a motion for reconsideration, it is untimely filed, coming a year after the order revoking bond. See id.

---

[1] Pursuant to Local Criminal Rule 12.1(a), motions in criminal cases shall be filed in accordance with the procedures set forth in Local Rule 7.1.

Even if Evans's motion were timely, Evans has not shown that he is entitled to release under the applicable standard of the Bail Reform Act. Although Evans moves for reconsideration of the order of detention pursuant to 18 U.S.C. § 3145(b) and 18 U.S.C. § 3142(f), Def. Mot. at 1 (Dkt. 46), these sections do not provide the proper bases for the Court to reconsider its revocation of Evans's bond. Determination of whether a defendant awaiting a final supervised release revocation hearing should be detained or released is governed by Federal Rule of Criminal Procedure 32.1. That rule, in turn, provides that a defendant may be released or detained under 18 U.S.C. § 3143(a)(1) pending the hearing. In accordance with Rule 32.1, the Court ordered Evans's bond revoked, pending resolution of the allegations that Evans violated conditions of supervised release, pursuant to § 3143(a)(1). See 1/14/20 Order (Dkt. 43). As the Government argues, the statutory language of § 3143 does not expressly permit a district court to reconsider its own revocation decision. However, § 3145(c) arguably gives the Court authority to address its revocation order made pursuant to § 3143. Consequently, the proper basis for the Court to reconsider its own order, if at all, is § 3145(c), not § 3142(f) or § 3145(b).[2]

Under § 3145(c), a person subject to detention pursuant to § 3143 may be ordered released "if it is clearly shown that there are exceptional reasons why such person's detention would not be

---

[2] Section 3145(b) is inapplicable, as it governs circumstances under which a district court judge may revoke or amend an order of detention issued by a magistrate judge "or by a person other than a judge of a court having original jurisdiction over the offense." Section 3142(f), by contrast, governs certain circumstances under which a district court judge may reconsider his or her own detention order. Under § 3142(f), a bond hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." However, under Fed. R. Crim. P. 32.1, which governs revocation of supervised release, the procedures set forth in § 3143(a)(1)—not § 3142(f)—control the Court's analysis. In any case, even if the § 3142(f) standard were applicable, the required showing under that rule has not been made for the same reasons that relief is not justified under the § 3145(c) standard.

appropriate." "'[B]efore the Court can proceed to the exceptional reasons analysis, clear and convincing evidence must support a finding that the defendant is not likely to flee or pose a danger if released.'" United States v. Brown, No. 17-24, 2020 WL 3255147, at *2 (S.D. Ohio June 16, 2020) (internal quotation marks and citation omitted). In the Court's order granting the Government's motion to revoke Evans's bond, the Court set forth the reasons why Evans failed to meet his burden of showing by clear and convincing evidence that he is not a danger to the community. See 1/14/20 Order at 2. In the instant motion, Evans presents no new evidence that he would no longer present a danger to the community if released. As a result, Evans has once again failed to show by clear and convincing evidence that he is not a danger to the community.[3]

Even if Evans had carried his burden on this point, he fails to articulate an "exceptional reason" for release at this time. Evans argues that "the grave risks consequently posed to Mr. Evans's health and wellbeing [by the COVID-19 pandemic] outweigh any previous justification in support of his continued detention." Def. Mot. at 7. According to Evans, the fact that he is African American alone increases his risk of contracting COVID-19. Id. at 10-11. Although the Centers for Disease Control and Prevention ("CDC") have observed that Black or African American individuals are disproportionately affected by COVID-19, the reason for this disproportionate outcome is that "[r]ace and ethnicity are markers for other underlying conditions

---

[3] Evans argued in his response to the Government's motion to revoke his bond that the Court could fashion release conditions to avoid any risk to the community. Def. Resp. to Mot. for Revocation at 5-6, 8 (Dkt. 42). The Court rejected this argument, holding that "Evans has not shown that there are conditions or a combination of conditions that would allow him to remain on bond during the pendency of these proceedings and protect the public from his drug trafficking activities." 1/14/20 Order at 3. In the instant motion, Evans likewise argues that the Court "can and should fashion appropriate conditions that allow for Mr. Evans's release" to minimize any danger posed to the community. Def. Mot. at 7. However, Evans provides no clear and convincing evidence for finding that circumstances have changed over the last year such that conditions would now allow Evans to remain on bond without posing a danger to the public.

that affect health."[4] With regards to underlying health conditions, Evans argues he has "hereditary and genetic risk factors," but then proceeds to describe various family members' health conditions. Id. at 11. He does not argue that he personally has been diagnosed with any medical conditions increasing his vulnerability to COVID-19. Thus, as the Government argues, "Evans does not have any medical condition that the CDC identifies as increasing a person's risk of severe illness from Covid-19." Gov. Resp. at 9 (Dkt. 47). Therefore, Evans's concerns about his safety in the COVID-19 era are not "exceptional" under the ordinary meaning of the word. Rather, these concerns are common to all people.

Further, even if Evans did have a medical or other condition increasing his risk of severe illness from COVID-19, "the chance that the defendant could contract COVID-19 and suffer related health complications is not an exceptional reason for the purposes of release pending sentencing." United States v. Ramos, No. 20-013, 2020 WL 2858239, at *3 (E.D. Ky. June 2, 2020)). (denying bond under § 3145(c) due to the defendant's fear of contracting COVID-19 based on his medical conditions consisting of asthma and nasal infections). This is because "exceptional reasons based on probability, conjecture, intuition or speculation do not justify release." United States v. Johnson, No. 19-646, 2020 WL 2610737, at *2 (N.D. Ohio May 22, 2020) (citation omitted) (denying bond under § 3145(c) where the defendant merely speculated that he would contract COVID-19 if not released).

For the reasons stated above, the Court denies Evans's motion (Dkt. 46).

SO ORDERED.

Dated: February 12, 2021                                       s/Mark A. Goldsmith
     Detroit, Michigan                                     MARK A. GOLDSMITH
                                                             United States District Judge

---

[4] See COVID-19 Cases, Hospitalizations, and Deaths, by Race/Ethnicity (CDC): https://perma.cc/TW2H-GQJY.